United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORENZA RAMOS,

        Plaintiff(s),

vs.

GMAC MORTAGE, EMC MORTGAGE CORP., ETS SERVICES LLC, TRUSTEE, et al.,

        Defendant(s).

/

No.09-0597 MHP

**ORDER DISMISSING COMPLAINT**

    Plaintiff has filed this action referring in her complaint to various federal statutes, some of which do not give any right of a claim against private parties who are not acting under color of state law, e.g., 18 U.S.C. section 1983. And, plaintiff makes claims under other statutes for which plaintiff seeks the empanelment of a grand jury or an investigation of the defendants for various criminal activities. Plaintiff apparently misunderstands the role of the federal courts and the district court's limited jurisdiction.

    This court may exercise jurisdiction only where there is a federal claim for which there is a private right of action and which governs the conduct of which plaintiff complains. The court has no jurisdiction or responsibility for conducting investigations or placing matters before the grand jury to investigate. If plaintiff seeks an investigation, she should contact the United States Attorney's office or one of the federal investigation agencies such as the Federal Bureau of Investigation.

    Plaintiff also seeks an injunction preventing the sale of her property and for other injunctive

relief over which this court has no jurisdiction. Although plaintiff refers to several federal statutes, the nature of her claims sound in state tort and contract law and there is no diversity jurisdiction alleged. Furthermore, it is difficult to determine from plaintiff's complaint just what claims she is making. Plaintiff states no basis for a cognizable federal claim.

The district court may dismiss a complaint sua sponte if federal subject matter jurisdiction is lacking or if the complaint is frivolous even where the filing fee is paid.. See 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory, see, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596 (2dCir.2000)).

Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

If the pro se plaintiff can cure the factual allegations in order to state a claim, the court may give her leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70 F.3d at 1106.

For the reasons articulated above, the complaint fails to allege any basis for federal jurisdiction and it fails to state any claim. Therefore, this complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

Date: February 13, 2009

MARILYN HALL PATEL
Judge
United States District Court

2

1  Northern District of California

**ENDNOTES**